10-2093-ag
Jiang v. Holder

BIA
Mulligan, IJ
A093 408 604

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

YONG CI JIANG,
> *Petitioner,*

> v.                                                    10-2093-ag
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khaghendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yong Ci Jiang, a native and citizen of the People's Republic of China, seeks review of an April 30, 2010, order of the BIA, affirming, upon reconsideration, the December 17, 2007, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying his motion to reopen. *In re Yong Ci Jiang*, No. A093 408 604 (B.I.A. Apr. 30, 2010), *aff'g* No. A093 408 604 (Immig. Ct. N.Y. City Dec. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   Asylum, Withholding of Removal, and CAT**

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications governed by the REAL ID Act of 2005, the agency may,

2

considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also In re J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Jiang's testimony not credible, the IJ relied in part on his demeanor, noting that when confronted with questions that raised doubts as to his credibility on cross-examination, he "conveyed the impression that he was crying" in a manner that was "clearly contrived."  Because the IJ was in the best position to observe Jiang's manner while testifying, we afford his demeanor finding particular deference.  *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). Moreover, because the agency, in conjunction with the demeanor finding, identified an inconsistency in Jiang's testimony, we may more confidently rely on the IJ's finding.

3

*See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Reliance by the agency on an inconsistency in Jiang's testimony regarding whether he paid a fine to family planning officials was reasonable. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Jiang argues that his testimony was not inconsistent, because he never explicitly testified that he personally paid the fine, and he meant that his mother paid the fine while he was in hiding. Review of the record, however, supports the agency's understanding of Jiang's testimony and its finding that his testimony was inconsistent. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 161 (2d Cir. 2006) (noting that while the Court "can never be certain that the IJ correctly evaluated a petitioner's truthfulness, the statute that governs our review rests on the presumption that the IJ is in a better position than a reviewing tribunal to decide such questions"); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to

4

do so).

Ultimately, because a reasonable fact-finder would not be compelled to make contrary findings, the IJ's adverse credibility determination is supported by substantial evidence. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294 (2d Cir. 2006). Because Jiang's withholding of removal and CAT claims were based on the same factual predicate as his asylum claim, the adverse credibility determination is dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT).

## II. Motion to Reopen

We have reviewed the BIA's denial of Jiang's motion to reopen for abuse of discretion, *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006), mindful of the Supreme Court's admonition that motions to reopen are "disfavored," *see Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006). Here, the BIA did not abuse its discretion in denying Jiang's motion to reopen based on his failure to establish his *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

Jiang argues that the BIA improperly discounted a

notice instructing him to report for sterilization, which he submitted with his motion to reopen. However, in light of the agency's reasonable adverse credibility determination, the BIA did not err in finding that this document was insufficient to rehabilitate Jiang's credibility given that the notice does not resolve the inconsistency in Jiang's testimony or the problem with his demeanor, and was thus insufficient to demonstrate his *prima facie* eligibility for relief. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). Accordingly, the BIA did not abuse its discretion in denying Jiang's motion to reopen. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6